# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JORGE RIOS-GARCIA, )<br>)<br>Defendant. )<br>_____) | CRIMINAL ACTION<br><br>No. 02-20104-01-KHV<br><br>(Civil No. 05-3255-KHV) |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Doc. #344) filed June 9, 2005. After carefully considering the parties' briefs, the Court overrules defendant's motion.

### Factual Background

On December 4, 2002, a grand jury returned an indictment which charged defendant with conspiracy to distribute more than five kilograms of cocaine and more than 50 kilograms of marijuana in violation of 21 U.S.C. § 846. See Indictment (Doc. #47). On October 30, 2003, the government filed an information under 21 U.S.C. § 851 notifying the Court that defendant had previously pled guilty to a drug-trafficking felony and that his mandatory minimum sentence was doubled from ten to twenty years. Defendant did not object to the facts related to his prior drug conviction.

On January 14, 2004, defendant pled guilty to the one count of conspiracy. On June 14, 2004, the Court sentenced defendant to 240 months in prison, the statutory minimum following the notice under 21 U.S.C. § 851.

On June 9, 2005, defendant timely filed the instant motion pursuant to 28 U.S.C. § 2255. Defendant claims that the Court should vacate his sentence because (1) counsel was ineffective in preparing for trial, in threatening him to plead guilty and in failing to advise him that he could appeal; (2) his plea was involuntary; (3) under Blakely v. Washington, 542 U.S. 296 (2004), his sentence was improperly enhanced three levels for being a "manager" under the United States Sentencing Guidelines ("U.S.S.G.") § 3B1.1(b); and (4) the Court improperly doubled the statutory minimum sentence under 21 U.S.C. § 851 by the use of a prior conviction that was more than ten years old in violation of Blakely and Shepard v. United States, --- U.S. ----, 125 S. Ct. 1254 (2005).

## Analysis

The standard of review of Section 2255 petitions is quite stringent. The Court presumes that the proceedings which led to defendant's conviction were correct. See Klein v. United States, 880 F.2d 250, 253 (10th Cir. 1989). To prevail, defendant must show a defect in the proceedings which resulted in a "complete miscarriage of justice." Davis v. United States, 417 U.S. 333, 346 (1974).

### I.   Procedural Bar – Waiver Of Collateral Challenges

A knowing and voluntary waiver of the statutory right to appeal or to collaterally attack a sentence is generally enforceable. United States v. Chavez-Salais, 337 F.3d 1170, 1172 (10th Cir. 2003); United States v. Cockerham, 237 F.3d 1179, 1181 (10th Cir. 2001), cert. denied, 534 U.S. 1085 (2002); United States v. Hernandez, 134 F.3d 1435, 1437 (10th Cir. 1998). The Court applies a three-pronged analysis to evaluate the enforceability of such a waiver: (1) whether the disputed issue falls within the scope of the waiver; (2) whether defendant knowingly and voluntarily waived his rights; and (3) whether enforcing the waiver would result in a miscarriage of justice. United States v. Hahn, 359 F.3d 1315, 1325 (10th Cir.

Case 2:02-cr-20104-KHV   Document 349   Filed 12/08/05   Page 3 of 18

2004) (en banc); see United States v. McMillon, No. 02-20062-01-JWL, 2004 WL 2660641 at *3 (D. Kan. Nov. 19, 2004).

    A.    Scope of the Waiver

To determine whether the disputed issue falls within the scope of the waiver, the Court begins with the plain language of the plea agreement. United States v. Anderson, 374 F.3d 955, 957 (10th Cir. 2004); Hahn, 359 F.3d at 1328. The Court construes the plea agreement according to contract principles and based on what defendant reasonably understood when he entered his plea. United States v. Arevalo-Jimenez, 372 F.3d 1204, 1206 (10th Cir. 2004). The Court strictly construes the waiver and resolves any ambiguities against the government and in favor of defendant. Hahn, 359 F.3d at 1343.

The plea agreement states in relevant part as follows:

> **8.** **Waiver of Appeal and Collateral Attack.** Defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence. The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court. The defendant also waives any right to challenge a sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255. In other words, the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court or if the sentence imposed is in violation of law. However, if the United States exercises its right to appeal the sentence imposed as authorized by Title 18, U.S.C. § 3742(b), the defendant is released from this waiver and may appeal his sentence as authorized by Title 18, U.S.C. § 3742(a).

Plea Agreement ¶ 8. The scope of this waiver unambiguously includes the right to collaterally attack by a Section 2255 motion any matter in connection with defendant's sentence. In this case, except for the claims that counsel was ineffective and that defendant's plea was not voluntary, defendant's arguments do

not challenge the validity of the plea or the waiver, but focus solely on sentencing issues. Accordingly, such claims fall within the scope of the waiver in the plea agreement. See Cockerham, 237 F.3d at 1187.

### B. Knowing And Voluntary Nature Of The Plea

To ascertain whether defendant knowingly and voluntarily waived his rights, the Court evaluates the language of the plea agreement and the Rule 11 colloquy. Hahn, 359 F.3d at 1325. The Court conducted a thorough inquiry at the plea hearing. At that time defendant affirmed that he understood the charge against him, the maximum penalties, the rights he was waiving and the factual basis for his plea. Defendant acknowledged that his plea was free and voluntary, that no one had forced or threatened him to enter it, and that the only reason he was entering a plea of guilty was that he was in fact guilty as charged. The plea agreement explicitly reflects that defendant "knowingly and voluntarily waives any right to . . . collaterally attack any matter in connection with this prosecution and sentence" and "waives any right to challenge a sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28 U.S.C. § 2255." Plea Agreement ¶ 8. Nothing in the record suggests that defendant's plea or waiver of post-conviction rights was unknowing or involuntary. The last paragraph of the plea agreement acknowledges that defendant had sufficient time to discuss the matter with his attorney, that he was satisfied with his attorney's representation, and that he had read and understood the plea agreement. Defendant also acknowledged that he was entering the plea agreement because he was guilty and that he was doing so freely and voluntarily. See Plea Agreement ¶ 13. In sum, the language of the plea agreement and the Rule 11 colloquy established that defendant's waiver of his rights was knowing

and voluntary.[1]

      C.      Miscarriage Of Justice

Finally, the Court must "determine whether enforcing the waiver will result in a miscarriage of justice." Hahn, 359 F.3d at 1327.  This test is met only if (1) the district court relied on an impermissible factor such as race; (2) defendant received ineffective assistance of counsel in conjunction with negotiation of the waiver; (3) the sentence exceeds the statutory maximum; or (4) the waiver is otherwise unlawful in the sense that it suffers from error that seriously affects the fairness, integrity or public reputation of judicial proceedings. Id.  Defendant bears the burden of demonstrating that the waiver results in a miscarriage of justice.  Anderson, 374 F.3d at 959.  Here, defendant does not contend that enforcing the waiver would result in a miscarriage of justice.

The Court finds that enforcement of the waiver does not implicate any of the four factors listed above. In particular, defendant received a sentence of 20 years in prison, which is precisely the sentence that the Assistant United States Attorney and defense counsel predicted (and virtually guaranteed) at the Rule 11 hearing. See United States v. Green, 405 F.3d 1180, 1193-94 (10th Cir. 2005); United States v. Porter, 405 F.3d 1136, 1144 (10th Cir.) ("statutory maximum" under Hahn inquiry refers to statute of conviction), cert. denied, 126 S. Ct. 550 (2005).  Furthermore, the enforcement of the waiver to collateral challenges does not seriously affect the fairness, integrity or public reputation of the proceedings.  See United States v. Maldonado, 410 F.3d 1231, 1233-34 (10th Cir. 2005) (waiver of appellate rights enforced where sentence did not exceed statutory maximum and was based on judge-made findings). The

---

    [1]      As explained below, defendant's plea was not involuntary because of his lack of understanding of the Section 851 enhancement. See infra text, part IV.

Court finds that enforcing the waiver will not result in a miscarriage of justice. In sum, except for defendant's claims that counsel was ineffective and that his plea was involuntary, defendant's claims are barred by the waiver of collateral challenges in the plea agreement.

## II.     Procedural Bar - Failure To Appeal

Defendant asserts various claims that the Court erred at sentencing. All such claims are barred because he failed to raise them on direct appeal.

Defendant argues that (1) under Blakely, his sentence was improperly enhanced three levels for being a "manager" under U.S.S.G. § 3B1.1(b); and (2) in violation of Blakely and Shepard, the Court improperly doubled the statutory minimum under 21 U.S.C. § 851 by reference to a prior conviction that was more than ten years old. Section 2255 is not available to test the legality of matters which should have been raised on appeal. United States v. Allen, 16 F.3d 377, 378 (10th Cir. 1994) (quoting United States v. Walling, 982 F.2d 447, 448 (10th Cir. 1992)). Defendant is precluded from raising in a Section 2255 petition issues which were not raised on direct appeal "unless he can show cause for his procedural default and actual prejudice resulting from the alleged errors, or can show that a fundamental miscarriage of justice will occur if his claim is not addressed." Allen, 16 F.3d at 378. Defendant has not satisfied any of these exceptions.

To the extent defendant contends that at sentencing and on direct appeal, he could not raise his claims under Blakely and Shepard because of a lack of precedent, the Court finds that such an explanation does not constitute "cause" for his procedural default. The Court substantially agrees with the reasoning of the Seventh Circuit with respect to a similar claim under Apprendi v. New Jersey, 530 U.S. 466 (2000):

> . . . the lack of precedent for a position differs from "cause" for failing to make a legal argument. Indeed, even when the law is against a contention, a litigant must make the argument to preserve it for later consideration. See Bousley v. United States, 523 U.S. 614, 622-24 (1998); Engle [v. Isaac], 456 U.S. [107,] 130 n.35 [(1982)] (that a legal argument would have been unpersuasive to a given court does not constitute "cause" for failing to present that argument). "Cause" means some impediment, and Smith does not contend that any outside force impeded his legal defense in 1992. (Nor does he contend that counsel was ineffective for failure to anticipate Apprendi; no such argument would be tenable.) The lack of any reasonable legal basis for a claim may constitute "cause," see Reed v. Ross, 468 U.S. 1, 16 (1984), but the foundation for Apprendi was laid long before 1992. Other defendants had been making Apprendi-like arguments ever since the Sentencing Guidelines came into being, and in McMillan v. Pennsylvania, 477 U.S. 79 (1986), the Court addressed on the merits an argument along similar lines. Smith could have invoked the themes in McMillan, and for that matter In re Winship, 397 U.S. 358 (1970), just as the Justices themselves did in Apprendi. See Garrott v. United States, No. 99-2921, [238 F.3d 903] (7th Cir. Jan. 30, 2001). Thus Smith has not established cause; and for the same reason that he could not show plain error (if that were the right standard) he cannot show prejudice either.

United States v. Smith, 241 F.3d 546, 548-49 (7th Cir. 2001); see McCoy v. United States, 266 F.3d 1245, 1258-59 (11th Cir. 2001), cert. denied, 536 U.S. 906 (2002); United States v. Sanders, 247 F.3d 139, 145-46 (4th Cir.), cert. denied, 534 U.S. 1032 (2001). Likewise, the Tenth Circuit has held that counsel's failure to recognize a potential legal argument does not constitute cause for a procedural default. United States v. Harms, 371 F.3d 1208, 1212 (10th Cir. 2004); see Hopkinson v. Shillinger, 954 F.2d 609, 610 (10th Cir. 1992).

Defendant also has not demonstrated "prejudice," i.e. that the alleged errors "worked to his actual and substantial disadvantage, infecting his entire [sentence] with error of constitutional dimensions." United States v. Frady, 456 U.S. 152, 170 (1982). Defendant has not alleged or shown that failure to let the jury decide whether to apply the manager enhancement or double the statutory minimum worked to his actual and substantial disadvantage.

Finally, defendant has not satisfied the exception for a "fundamental miscarriage of justice." The Supreme Court has held that this exception applies only if one is actually innocent. See Bousley, 523 U.S. at 623. Initially, the Court doubts that the actual innocence exception can be applied to noncapital sentences. See United States v. Richards, 5 F.3d 1369, 1371 (10th Cir. 1993); see also United States v. Glover, 156 F.3d 1244, 1998 WL 476779, at *2 (10th Cir. Aug. 11, 1998) (claim that defendant in noncapital case should have received lesser sentence does not constitute claim that he is actually innocent or did not commit crime). But cf. Selsor v. Kaiser, 22 F.3d 1029, 1036 (10th Cir. 1994) (actual innocence exception might apply where petitioner shows actual innocence of sentencing element that was not required for proof of underlying conviction). In any event, defendant has not shown that he is actually innocent of the elements which form the bases for the sentence enhancements. Defendant cannot show that no reasonable jury would have reached the same conclusions as the sentencing judge. Therefore, he cannot establish that failure to review his claim would result in a fundamental miscarriage of justice.

Based on this procedural bar, defendant's arguments that the Court erred at sentencing by applying the manager enhancement and doubling the mandatory minimum sentence are overruled.[2]

### III.    Ineffective Assistance Of Counsel

To establish ineffective assistance of counsel, defendant must show that (1) the performance of counsel was deficient and (2) a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 687, 694 (1984). To meet the first element, i.e. counsel's deficient performance, defendant must establish that

---

[2] Based on this same procedural bar, the Court overrules defendant's claim that his plea was involuntary because he has not shown cause for his procedural default or actual prejudice.

counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687.  In other words, defendant must prove that counsel's performance was "below an objective standard of reasonableness." Walling, 982 F.2d at 449.  The Supreme Court recognizes, however, "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689; see United States v. Rantz, 862 F.2d 808, 810 (10th Cir. 1988) (citation omitted), cert. denied, 489 U.S. 1089 (1989).  As to the second element, the Court must focus on the question "whether counsel's deficient performance render[ed] the result of the trial unreliable or the proceeding fundamentally unfair." Lockhart v. Fretwell, 506 U.S. 364, 372 (1993).

In a Section 2255 proceeding, the Court is not required to conduct a hearing on an ineffective assistance claim unless (1) defendant alleges specific and particularized facts which, if true, would entitle him to relief and (2) the motion and the files and records of the case do not conclusively show that defendant is entitled to no relief.  See 28 U.S.C. § 2255; United States v. Kilpatrick, 124 F.3d 218, 1997 WL 537866, at *3 (10th Cir. Sept. 2, 1997) (allegations of ineffective assistance must be specific and particularized; conclusory allegations do not warrant hearing); Hatch v. Oklahoma, 58 F.3d 1447, 1457, 1471 (10th Cir. 1995) (same), cert. denied, 517 U.S. 1235 (1996); United States v. Chandler, 291 F. Supp.2d 1204, 1209 (D. Kan. 2003) (same); see also Mayes v. Gibson, 210 F.3d 1284, 1287 (10th Cir.) (to warrant hearing on ineffective assistance claim under 28 U.S.C. § 2254, plaintiff must allege facts which "if true and not contravened by the record" would entitle him to relief), cert. denied, 531 U.S. 1020 (2000). Some allegations of ineffective assistance may be resolved by the judge's personal knowledge or recollection, but where a record is available which would support or contradict defendant's claim, the judge

cannot rely solely on her recollection of events to rule on the merits. See United States v. Marr, 856 F.2d 1471, 1472 (10th Cir. 1988).

    A.    Trial Preparation

Defendant argues that counsel was ineffective because he did not prepare for trial and focused solely on convincing defendant to plead guilty. Defendant complains that counsel did not listen to the wire tapped conversations of defendant and his co-defendants and that counsel did not provide him transcripts of the conversations. The government has provided the affidavit of defense counsel which states that (1) he reviewed with defendant the translated summaries of the wire tapped conversations; (2) he reviewed with defendant a translated copy of the 173-page complaint affidavit which summarized most of the pertinent conversations; and (3) defendant never denied that he participated in the conversations and never asked counsel to listen to the actual recordings. See Affidavit, attached as Exhibit A to Government's Response To Petitioner's Motion To Vacate, Set Aside, Or Correct Sentence Under 28 U.S.C. § 2255 (Doc. #348) filed August 8, 2005.

Defendant has not filed a reply brief which contests the accuracy of counsel's statements. Given that counsel and defendant reviewed summaries of the wire tapped conversations and defendant did not dispute the accuracy of the summaries, counsel was not deficient for failing to conduct a more detailed review of the wire tapped conversations or give defendant transcripts of the conversations. Furthermore, even if defendant could show that counsel should have conducted a more thorough investigation of the wire tapped conversations, defendant has not shown a reasonable probability that but for counsel's alleged error, the results of the proceeding would have been different, i.e. that he would not have agreed to plead guilty. See Rantz, 862 F.2d at 810-11. Because plaintiff has not alleged specific and particularized facts

which if true would entitle him to relief, he is not entitled to a hearing on this claim. See Kilpatrick, 1997 WL 537866, at *3; Hatch, 58 F.3d at 1457; Chandler, 291 F. Supp.2d at 1209.

### B. Threats To Plead Guilty

Defendant argues that counsel was ineffective because he threatened defendant to plead guilty. Defendant's claim is unsupported by the record. The written plea agreement and the plea colloquy affirmed under oath that defendant had discussed the plea agreement with counsel, that no one forced or threatened him to plead guilty, that no promises were made to induce him to plead guilty and that defendant was fully satisfied with the advice and representation of counsel. Absent a credible reason to think otherwise, an accused's statement at a Rule 11 proceeding is conclusively established to be accurate and true. United States v. Glass, 66 Fed. Appx. 808, 810 (10th Cir. June 3, 2003); United States v. Jones, 124 F.3d 218, 1997 WL 580493, at *1 (10th Cir. Sept. 19, 1997); United States v. Bambulas, 571 F.2d 525, 526 (10th Cir. 1978). Defendant's conclusory statement that counsel threatened him to plead guilty does not warrant a hearing on this claim. Finally, even if defendant could show that counsel threatened him to plead guilty, defendant has not shown a reasonable probability that but for such threat, the results of the proceeding would have been different, i.e. that he would not have agreed to plead guilty. See Rantz, 862 F.2d at 810-11.

### C. Failure To Consult About An Appeal

Defendant argues that he never knew that he could appeal the Section 851 enhancement and that an incorrect statement was made in court about his right to appeal. Liberally construed, defendant argues that counsel was ineffective because he never consulted with defendant about a possible appeal of the Section 851 enhancement. In Roe v. Flores-Ortega, 528 U.S. 470 (2000), the Supreme Court rejected

a bright-line rule that counsel's failure to consult with defendant regarding an appeal is *per se* deficient. Id. at 480. Instead, counsel must consult defendant about an appeal if counsel has "reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." Id. In evaluating this type of claim, the Court must take into account all information which counsel knew or should have known. Id. Though not determinative, the Court must also consider the highly relevant factor whether the potential appeal followed a plea or a verdict "both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings." Id. When defendant pleads guilty, the Court must also consider such factors as whether defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights. Id. In addition to deficient performance, defendant must show that counsel's failure to consult with him about an appeal was prejudicial. To show prejudice in these circumstances, defendant must show a reasonable probability that but for counsel's failure to consult with him about an appeal, he would have timely appealed. Id. at 484.

Based on the record, the Court finds that counsel's alleged failure to consult defendant about an appeal was neither deficient nor prejudicial. First, defendant's conviction was the result of a guilty plea, and his actual sentence (20 years) was the same as the statutory minimum about which he was informed at the change of plea hearing and in the plea agreement. Defendant did not enter a conditional plea and he expressly agreed that he would not be permitted to withdraw his plea if he did not agree with the sentence which the Court imposed. Second, in the plea agreement, defendant waived his right to appeal or collaterally attack his sentence, thus indicating that he sought an end to judicial proceedings. Third,

defendant has not alleged or shown that he expressed to counsel any interest in appealing his conviction or sentence. Based on these facts, reasonable counsel would believe that defendant did not have any non-frivolous issues to appeal and that defendant did not desire to appeal. Therefore, counsel was not deficient in failing to consult defendant about a possible appeal. See United States v. Flowers, No. 03-3051-SAC, 2004 WL 1088767, at *8 (D. Kan. 2004).

Even if counsel was deficient in not consulting defendant about a possible appeal, defendant has not shown a reasonable probability that but for counsel's deficient performance, an appeal would have been filed.[3] Defendant has not identified and the Court cannot find any non-frivolous grounds on which he could appeal in light of the waiver in the plea agreement and defendant's failure to object to the Section 851 enhancement. Defendant received the statutory minimum sentence. Defendant has not shown a reasonable probability that he would have filed a notice of appeal had his counsel consulted with him. Flowers, 2004 WL 1088767, at *8.

## IV.   Involuntary Plea

Defendant argues that his plea was involuntary because the enhancement under Section 851 was confusing to him, particularly because he had several different interpreters.[4] Defendant's argument is procedurally barred because he failed to raise it on direct appeal. See supra part II. Moreover, the transcript of the plea hearing reflects that defendant understood the effect of the enhancement under

---

[3] The Court does not presume prejudice in these circumstances. That presumption only applies where counsel disregards a defendant's specific instructions to file an appeal. See Roe, 528 U.S. at 477, 484-85; United States v. Snitz, 342 F.3d 1154, 1155-56 (10th Cir. 2003). Here, defendant does not allege that he asked counsel to file an appeal, but rather that counsel did not consult with him about the possibility of an appeal.

[4] Defendant does not allege that he had difficulty communicating through any particular interpreter. He simply alleges that it was confusing to have multiple interpreters.

Section 851. At the plea hearing, defendant began to explain that his sentence originally would have been ten years, but that because of his prior conviction the sentence would be higher. The Assistant United States Attorney then interjected that based on the filing of the notice under Section 851, application of the mandatory minimum and the fact that defendant's guideline range would likely be below the mandatory minimum, defendant faced a sentence of 20 years. Defendant conceded that he understood that both the Assistant United States Attorney and his own counsel believed that he would receive a mandatory minimum sentence of 20 years based on the Section 851 notice. Defendant also acknowledged that he had an opportunity to ask his attorney questions and that he was satisfied with counsel's representation and advice. The Court presumes that the proceedings which led to defendant's conviction were correct. See Klein, 880 F.2d at 253. Defendant did not express any misunderstanding as to the material terms of his plea agreement.

Even if the Court assumes that defendant did not fully understand the Section 851 enhancement, he clearly understood its effect (a sentence of 20 years) and the fact that it resulted from his prior drug conviction. At both his plea hearing and at sentencing, defendant had highly competent interpreters who have served in this Court on numerous occasions. The record does not reflect that the interpreters expressed any difficulty in communicating with defendant. Even if defendant could show that he somehow misunderstood precisely why his sentence was 20 years, he has not shown a reasonable probability that but for his misunderstanding, the results of the proceeding would have been different, i.e. that he would not have agreed to plead guilty.[5] See Rantz, 862 F.2d at 810-11. In sum, defendant has not alleged or shown

---

[5] Defendant does not specifically explain what he did not understand about the Section 851 enhancement. Defendant apparently argues that he did not understand that he could challenge the Section 851 enhancement under Blakely, United States v. Booker, 534 U.S. 220 (2005), and Shepard.
(continued...)

a defect in the proceedings which resulted in a "complete miscarriage of justice." Davis, 417 U.S. at 346.

## V. Enhancement As "Manager" Under U.S.S.G. § 3B1.1(b)

Defendant argues that he is entitled to relief under Blakely because the government did not charge the manager enhancement in the indictment or prove it to a jury. Defendant's argument is procedurally barred because he failed to raise it on direct appeal and he waived his right to file collateral attacks on his sentence. See supra parts I and II. The Tenth Circuit has held that neither Blakely nor Booker announced a new rule of constitutional law made retroactive by the Supreme Court on collateral review. United States v. Van Kirk, 2005 WL 1706978, at *1 (10th Cir. July 22, 2005); see United States v. Bellamy, No. 04-5145, 2005 WL 1406176, at *3 (10th Cir. June 16, 2005) (Booker does not apply retroactively to initial habeas petitions); United States v. Price, 400 F.3d 844, 849 (10th Cir. 2005) (Blakely does not apply retroactively to convictions already final as of June 24, 2004); see also United States v. Mora, 293 F.3d 1213, 1219 (10th Cir. 2002) (Apprendi not watershed decision and hence not retroactively applicable to initial habeas petitions). Accordingly, a defendant whose conviction was final when the Supreme Court decided Blakely on June 24, 2004 cannot obtain relief based on that decision under Section 2255. Defendant's argument also is without substantive merit. The enhancement under U.S.S.G. § 3B1.1(b) did not impact defendant's sentence because the 20 year statutory minimum was more than the maximum sentence under the guideline range (168 months). For these reasons, the Court overrules defendant's argument as to the enhancement under U.S.S.G. § 3B1.1(b).

## VI. Application Of 21 U.S.C. § 851

Defendant argues that he is entitled to relief because in violation of Shepard and Blakely, the Court

---

[5](...continued)
For reasons explained below, such a challenge would have been futile.

improperly doubled the mandatory minimum under 21 U.S.C. § 851 based on a prior conviction which was more than ten years old. Again, defendant's argument is procedurally barred because he did not raise it on direct appeal and he waived his right to file collateral attacks on his sentence. See supra parts I and II. In addition, defendant has not shown that Shepard or Blakely is to be applied retroactively to cases on collateral review. Finally, defendant's argument is without substantive merit.

Section 851 does not contain any limit on the date of the prior drug conviction to be used for a sentence enhancement. See 21 U.S.C. § 851(a). Moreover, Shepard did not restrict the procedure for the Court's determination of a prior conviction under Section 851. Shepard explained the Supreme Court's earlier decision in Taylor v. United States, 495 U.S. 575 (1990), which held that when a court determines whether a crime constitutes a violent felony under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), the Sixth Amendment requires it to take "a formal categorical approach, looking only to the statutory definitions of the prior offenses, and not to the particular facts underlying those convictions." United States v. Taylor, 413 F.3d 1146, 1157-58 (10th Cir. 2005) (quoting Taylor, 495 U.S. at 600). Shepard held that "Taylor's reasoning controls the identification of . . . convictions following pleas, as well as convictions on verdicts." Shepard, 125 S. Ct. at 1259. Accordingly, when determining whether a prior conviction resulting from a guilty plea is a violent felony for purposes of the ACCA, a court is limited to the language of the statute of conviction, "the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant . . ., or to some comparable judicial record of this information." Id. at 1262.

Shepard is limited on its face to the ACCA. Even if Shepard applies to determinations under Section 851, the Court did not err. Section 851 provides for an enhanced sentence based on a prior felony

drug conviction under Part D of the United States Code, Title 21, i.e. 21 U.S.C. § 841, *et seq.* See 21 U.S.C. § 851(a). In this case, defendant had a prior conviction for distribution of cocaine. See United States v. Rios-Garcia, No. 93-20017-01 (D. Kan. 1993). That fact was established by the indictment, the plea agreement, the transcript of the plea colloquy and the judgment in the prior case. See Shepard, 125 S. Ct. at 1262. In addition, defendant did not dispute his prior conviction under 21 U.S.C. § 851(c) so the Court was not required to conduct a hearing on the accuracy of the information related to his prior conviction.

To the extent defendant argues that under Blakely and Booker, the government must charge in an indictment and prove to a jury the facts related to a prior conviction, the argument is without merit. Section 851 involves a sentencing enhancement which is properly applied by a judge. United States v. Jeffrey, 128 Fed. Appx. 680, 700-01 (10th Cir. Apr. 111, 2005); see United States v. Thomas, 398 F.3d 1058, 1063-64 (8th Cir. 2005) (reviewing § 851 life sentence after Booker and concluding that jury need not have found facts of prior convictions); United States v. Wilson, 244 F.3d 1208, 1216-17 (10th Cir.) (reviewing § 851 enhancement after Apprendi and concluding that fact of prior conviction need not be submitted to jury), cert. denied, 533 U.S. 962 (2001); see also United States v. Moore, 401 F.3d 1220, 1225-26 (10th Cir. 2005) (government need not charge in indictment or prove to jury that prior conviction is "violent felony" under ACCA). In Almendarez-Torres v. United States, 523 U.S. 224 (1998), the Supreme Court created an explicit exception to Apprendi and its progeny by allowing a judge to determine a fact of prior conviction without violating a defendant's Sixth Amendment rights. Taylor, 413 F.3d at 1158 n.5 (10th Cir. 2005). In Almendarez-Torres, the Supreme Court held that because recidivism "is a traditional, if not the most traditional, basis for a sentencing court's increasing an offender's sentence,"

523 U.S. at 243, and "as typical a sentencing factor as one might imagine," 523 U.S. at 230, the Constitution does not require the government to charge or prove to a jury either the existence of prior convictions or certain facts related to those convictions such as their classification as "violent felonies." United States v. Moore, 401 F.3d 1220, 1221 (10th Cir. 2005); see United States v. Pineda-Rodriguez, 133 Fed. Appx. 455, 457-58 (10th Cir. May 4, 2005). Under Almendarez-Torres, a district court can make findings with respect to a defendant's criminal history, be they findings as to the fact of the prior convictions or the nature of those convictions. United States v. Williams, 410 F.3d 397, 402 (7th Cir. 2005); see Pineda-Rodriguez, 133 Fed. Appx. at 458-59.[6] In sum, the government was not required to charge or prove to a jury the facts related to defendant's prior conviction. See Jeffrey, 128 Fed. Appx. at 700-01 (under United States v. Moore, 401 F.3d 1220, 1221-22 (10th Cir. 2005), jury need not make findings on "elements" in 21 U.S.C. § 851).

**IT IS THEREFORE ORDERED** that defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Doc. #344) filed June 9, 2005 be and hereby is **OVERRULED**.

Dated this 8th day of December, 2005, at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

[6] Shepard did not overrule Almendarez-Torres. In a concurring opinion in Shepard, Justice Thomas noted that Almendarez-Torres "has been eroded by this Court's subsequent Sixth Amendment jurisprudence, and a majority of the Court now recognizes that Almendarez-Torres was wrongly decided." Shepard, 125 S. Ct. at 1263. Despite Justice Thomas' statement, the Court is bound to continue to follow Almendarez-Torres. See Moore, 401 F.3d at 1224. The Tenth Circuit has held that Shepard, Booker, Blakely and Apprendi have left undisturbed the holding of Almendarez-Torres. See Williams, 410 F.3d at 402; Moore, 401 F.3d at 1221, 1224; Pineda-Rodriguez, 133 Fed. Appx. at 458 n.5.