**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | **CRIMINAL ACTION** |
| ) | |
| **v.** ) | **No. 02-20104-01-KHV** |
| ) | |
| **JORGE RIOS-GARCIA,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

<u>**ORDER**</u>

This matter is before the Court on defendant's <u>Motion For Appointment Of Counsel in Light Of The Retroactive Holding In Johnson v. United States</u> (Doc. #377) filed June 27, 2016.  Defendant asks the Court to appoint counsel to help him file a motion to reduce his sentence based on <u>Johnson v. United States</u>, 135 S. Ct. 2551 (June 26, 2015).  On July 29, 2015, the Honorable J. Thomas Marten of the District of Kansas appointed the Office of the Federal Public Defender to represent any indigent defendant who was previously convicted and sentenced in the District of Kansas to determine whether that defendant may qualify for post-conviction relief under <u>Johnson</u>, and if so, to assist the defendant in obtaining such relief.  The Federal Public Defender has not entered an appearance.[1]

Defendant has no constitutional or statutory right to appointment of counsel to prosecute a Section 2255 motion unless the Court determines that an evidentiary hearing is required.  Rule 8(c) of the Rules Governing Section 2255 Proceedings; <u>see</u> <u>Pennsylvania v. Finley</u>, 481 U.S. 551, 555 (1987); <u>United States v. Evans</u>, 51 F.3d 287, 1995 WL 139420, at *1 (10th Cir. 1995); <u>Swazo v.</u>

---

[1]  Given that the one-year period since <u>Johnson</u> recently expired, the Federal Public Defender apparently does not intend to enter an appearance.

Wyo. Dep't of Corr. State Penitentiary Warden, 23 F.3d 332, 333 (10th Cir. 1994). In determining whether to appoint counsel in a civil case, the Court considers several factors including (1) the merit of the litigant's claims; (2) the nature of the factual issues raised in the claims; (3) the litigant's ability to present his claims; and (4) the complexity of the claims involved. See Williams v. Meese, 926 F.2d 994, 996 (10th Cir. 1991). Here, defendant has not specifically addressed these factors. On initial review of defendant's conviction and presentence investigation report, his claim based on Johnson appears to be without merit.[2] While some of the legal issues surrounding Johnson are complex, defendant's claim does not appear to involve any such nuances. Defendant also appears able to adequately raise the claim. The Court therefore overrules defendant's request to appoint counsel on the present record.

**Defendant must proceed pro se or retain counsel if he intends to pursue a claim under Johnson. Because any future motion to vacate under Johnson may be untimely, the Court liberally construes defendant's present motion for appointment of counsel as an alternative motion to vacate sentence under 28 U.S.C. § 2255 and Johnson v. United States, 135 S. Ct. 2551 (2015). On or before August 19, 2016, defendant may file a memorandum in support of his motion to vacate sentence. On or before September 9, 2016, the government shall file a response. On or before October 14, 2016, defendant may file a reply.**

**The Clerk is directed to forward a copy of this order to the Office of the Federal Public Defender.**

**IT IS SO ORDERED**.

---

[2]    Because defendant had a prior conviction for a felony drug offense, the Court applied the statutory minimum of 20 years, instead of ten years. See 21 U.S.C. §§ 841(b)(1)(A), 851. The statutory enhancement did not involve the definition of a "violent felony" or a "crime of violence."

Dated this 6th day of July, 2016 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge