IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |  | |
|---|---|---|---|
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Plaintiff, | ) | CRIMINAL ACTION | |
| | ) | No. 02-20104-01-KHV | |
| v. | ) | | |
| | ) | CIVIL ACTION | |
| JORGE RIOS-GARCIA, | ) | No. 16-2482-KHV | |
| | ) | | |
| Defendant. | ) | | |
| | ) | | |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant's Motion For Appointment Of Counsel in Light Of The Retroactive Holding In Johnson v. United States (Doc. #378) filed June 27, 2016, which the Court construes as a second or successive motion to vacate sentence under 28 U.S.C. § 2255. For reasons stated below, the Court dismisses defendant's motion.

**Factual Background**

On December 4, 2002, a grand jury returned an indictment which charged defendant with conspiracy to distribute more than five kilograms of cocaine and more than 50 kilograms of marijuana in violation of 21 U.S.C. § 846. See Indictment (Doc. #47). On October 30, 2003, the government filed a notice of a prior drug-trafficking conviction which increased the statutory minimum to 20 years in prison. On January 14, 2004, defendant pled guilty to the one conspiracy count. On June 14, 2004, the Court sentenced defendant to 240 months in prison.[1] Defendant did

---

[1] At sentencing, the Court found a base offense level of 32 because the offense involved at least 5.0 kilograms but less than 15 kilograms of cocaine. U.S.S.G. § 2D1.1(a)(3)(c)(4); see Presentence Investigation Report dated June 7, 2004, ¶¶ 49, 55-57. The Court added three levels because defendant was a manager or supervisor of five or more participants. See U.S.S.G. § 3B1.1(b). The Court subtracted three levels because defendant timely accepted responsibility. See U.S.S.G. § 3E1.1. Defendant's total offense level was 32, with a criminal history category II,
(continued...)

not appeal.

On December 8, 2005, the Court overruled defendant's motion to vacate sentence under 28 U.S.C. § 2255.  See Memorandum And Order (Doc. #349).  On June 27, 2016, defendant filed a motion for appointment of counsel, which the Court has construed as a second motion to vacate sentence under 28 U.S.C. § 2255.  Liberally construed, defendant's motion asserts that under Johnson v. United States, 135 S. Ct. 2551 (2015), he is entitled to a reduced sentence.

## **Analysis**

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, a defendant may not file a second or successive motion pursuant to Section 2255 unless he first applies to the appropriate court of appeals for an order authorizing the district court to consider the motion.  See 28 U.S.C. §§ 2244(b)(3), 2255(h).  If defendant files a second or successive motion without first seeking the required authorization, the district court may (1) transfer the motion to the appellate court if it determines that it is in the interest of justice pursuant to 28 U.S.C. § 1631 or (2) dismiss the motion for lack of jurisdiction.  See In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008).  The Court has discretion in making a decision to transfer an action or instead to dismiss the action without prejudice.  Trujillo v. Williams, 465 F.3d 1210, 1222-23 (10th Cir. 2006).  In making this decision, the Court considers whether the claims would be time-barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the Court lacked the requisite

---

[1](...continued)
which resulted in a preliminary guideline range of 135 to 168 months in prison.  Under Section 5G1.1 of the Sentencing Guidelines, however, the statutory minimum of 20 years trumped defendant's calculated guideline range.  See Presentence Investigation Report ¶¶ 118-19; U.S.S.G. § 5G1.1.

jurisdiction.  Id. at 1223 n.16.

Because it appears that defendant's motion is without merit, the Court overrules the motion rather than transferring it to the Tenth Circuit Court of Appeals.  See In re Cline, 531 F.3d at 1252 (district court may refuse to transfer motion where motion fails on its face to satisfy any of authorization standards of Section 2255(h)); Phillips v. Seiter, 173 F.3d 609, 610 (7th Cir. 1999) (waste of judicial resources to require transfer of frivolous, time-barred cases).  A second or successive motion under 28 U.S.C. § 2255 may be filed in the district court if the court of appeals certifies that the motion contains (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.  28 U.S.C. § 2255(h).

Defendant is not entitled to relief under Johnson v. United States, 135 S. Ct. 2551 (2015). In Johnson, the Supreme Court held that the residual clause portion of the "violent felony" definition under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutional under the void-for-vagueness doctrine.[2]  135 S. Ct. at 2557-60, 2563; see Welch v. United States, 136 S. Ct. 1257, 1260-61 (2016).

The Court sentenced defendant based on his conviction under 21 U.S.C. § 846 (conspiracy to distribute more than five kilograms of cocaine and more than 50 kilograms of marijuana).

---

[2] Under the ACCA, in addition to certain enumerated crimes and crimes which contain specific elements, the definition of "violent felony" includes a residual clause which covers any felony that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii).

Accordingly, the ACCA did not apply to defendant's sentence.  Because defendant had a prior conviction for a felony drug offense, the Court applied the statutory minimum of 20 years, instead of ten years.  See 21 U.S.C. §§ 841(b)(1)(A), 851.  The statutory enhancement did not involve the definition of a "violent felony" or a "crime of violence."  At sentencing, the Court also determined defendant's offense level and criminal history without reference to any prior "violent felony" or "crimes of violence."  In any event, the precise guideline range was immaterial because the statutory minimum of 240 months exceeded the high end of the guideline range.  In sum, because the Court did not rely on the ACCA or any Guidelines provision which requires a conviction of a "crime of violence" or other similar convictions, Johnson has no potential impact in this case.  Accordingly, the Court dismisses defendant's successive motion to vacate his sentence based on Johnson and declines to transfer the motion to the Court of Appeals.

**IT IS THEREFORE ORDERED** that defendant's Motion For Appointment Of Counsel in Light Of The Retroactive Holding In Johnson v. United States (Doc. #378) filed June 27, 2016, which the Court construes as a second or successive motion to vacate sentence under 28 U.S.C. § 2255, is **DISMISSED.**

Dated this 21st day of December, 2016 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge